Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2180 | **DATE** | 4/13/2000 |
| **CASE TITLE** | Reginald D. Jones vs. Illinois Dept. of Corrections | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because Jones had neither paid the filing fee nor provided the necessary documentation to determine whether he has a right to proceed without such payment, he is ordered to transmit to this District Court on or before April 27, 2000 either (1) a check in full payment (2) both (a) the original and a photocopy of the filled out affidavit and (2) a certified copy of the Springfield trust fund account statement. Both section 1915(b)(1) and 42 U.S.C. 19997e(c)(1) call for dismissal of the Complaint and of this action. This dismissal constitutes a "strike" for purposes of 1915(g), and it does not excuse Jones from payment of the $150 filing fee as referred to earlier in this opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 14 2000 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 3 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/13/2000 | |
| | | date mailed notice | |
| SN | courtroom deputy's initials | SN | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REGINALD D. JONES, # B-58058  )
                               )
            Plaintiff,         )
                               )
    v.                         )    No. 00 C 2180
                               )
ILLINOIS DEPARTMENT OF CORRECTIONS,)
et al.,                        )
                               )
            Defendants.        )

DOCKETED
APR 1 4 2000

MEMORANDUM OPINION AND ORDER

Reginald Jones ("Jones") has tendered a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint against Stateville Correctional Center ("Stateville") Warden Dwayne Clark and Stateville Health Care Unit ("HCU") Administrator Barbara Miller.[1] This memorandum opinion and order is issued sua sponte in compliance with the dictates of the 1996 Prison Litigation Reform Act ("Act").[2]

---

[1] Although Jones also lists the Illinois Department of Corrections ("Department") as a defendant in the case caption, that designation will be ignored here for two reasons. For one thing, nothing that Jones alleges can be laid at the institutional doorstep of Department itself. But even more fundamentally, as a unit of state government Department is not a "person" subject to suit under Section 1983 (Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).

[2] All citations to the Act's relevant portions take the form "Section --," using the numbering within Title 28 rather than the Act's internal numbering.



To begin with, Section 1915 requires a determination as to Jones' entitlement to proceed without prepayment of the $150 filing fee. Because Jones has neither paid that filing fee nor provided the necessary documentation to enable this Court to determine whether he has a right to proceed without such payment, he is ordered to transmit to this District Court on or before April 27, 2000 either (1) a check in full payment of the fee or (2) both (a) the original and a photocopy of a completely filled out affidavit in the form being transmitted to him with a copy of this opinion and (b) a certified copy of the Springfield trust fund account statement for his account, covering at least the six-month period beginning with October 1999 and ending with March 2000. This Court will then enter an appropriate order dealing with Jones' responsibility for future payment of the filing fee if it has not yet been paid.

With the issue of Jones' filing fee payment (including the possibility of his obtaining in forma pauperis status) having been thus addressed, this opinion turns to the substance of Jones' claim in compliance with the screening mandate of Section 1915A(a). According to his Complaint, whose allegations are

accepted as true for present purposes,[3] Jones suffered two episodes--one on July 2, 1998 and the other on October 18, 1998--during each of which he suffered a slurring of his speech and a loss of motor skills (although the latter description is all that he offers as to the second episode, with respect to the first he refers to numbness in his left hand and difficulty in buttoning and unbuttoning his shirt). It appears from the first of the Injury Reports that on the day preceding the July 2 episode Jones had been hit on the side of his head by another player's elbow during a basketball game, while the Complaint itself says that about two weeks before the October episode (at that time Jones was in custody at the Cook County Department of Corrections) "he was assaulted with boots and shoes, thrown at the back of his head by a Sheriff's deputy because of the case he was detained on" (Complaint ¶V).

---

[3] In this instance Jones has attached to the Complaint several pages of Department's Medical Progress Notes relating to the subject matter of his claim, as well as two Inmate Injury Report forms (one dated July 1 and the other dated July 2, 1998), an x-ray report dated October 21, 1998 and a number of papers relating to Jones' pursuit of an administrative grievance remedy beginning in April 1999. Because those documents have been made part of Jones' Complaint they may be taken into account for present purposes, though Jones' version of the occurrences in his handwritten body of the Complaint (Complaint ¶V) remains credited by this Court.

3

Jones narrates that at the time of the first episode the HCU doctor told him, after conducting an examination, that he saw no reason that would account for the symptoms reported by Jones. As for the second episode, which occurred on a Sunday while Jones was in the shower, a Stateville corrections officer told him that nothing could be done for him until the following day. In fact Jones was not seen by a doctor until Wednesday morning October 21, at which time Dr. Kirian and medical technician Gondalia examined him and the doctor arranged for an x-ray of his skull, which reflected no fracture. Although Jones then asked Dr. Kirian whether he could see a specialist off of the Stateville premises, Dr. Kirian did not accede to that request.

So much for the factual background of Jones' claim. As for its legal consequences, it is obvious that Jones has targeted the wrong defendants for any Section 1983 claim, which must be based on personal responsibility and not on any possible respondeat superior principles (see, e.g., Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 691 (1978) and its almost innumerable progeny). Accordingly the Complaint in its present form must be dismissed under the directive of both Section 1915A(b)(1) and 42 U.S.C. §1997e(c)(1), because it "fails to state a claim upon which relief may be granted."

4

But there would also be no point in allowing Jones to amend the original Complaint by naming as defendants the Stateville personnel whom he identifies as directly involved in causing his asserted harm: Dr. Kirian and possibly technician Gondalia or Stateville Lieutenant Johnson (whom Jones identifies as the person to whom Jones gave a note at lunch on October 18, 1998, asking her to deliver it to HCU so that he might get medical assistance). After all, Jones' only possible basis for obtaining Section 1983 relief, which must stem from an asserted constitutional violation, would have to fall under the "deliberate indifference to serious medical needs" category identified as an Eighth Amendment[4] violation by <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976) and by a host of post-<u>Estelle</u> cases applying the same concept. And for the reason next explained here, that potential predicate for relief cannot withstand scrutiny.

On that score the Medical Progress Notes (as well as the x-ray report) attached to the Complaint conclusively negate any

---

[4] As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guarantees).

5

such claim. Those documents reflect that Jones was examined thoroughly, that all results of that examination (and of the x-ray) were normal and that there was no indication of any need for further treatment. And it is surely also relevant that Jones' filing of a grievance report in April 1999--nearly six months after the October 1998 episode--mentioned no recurrence during that interval (and indeed, Jones' April 2000 filing of this Complaint--fully 18 months after the second episode--is equally silent as to any recurrence of any medical problem).

In short, what Jones alleges, taken at its best, is just not the stuff of which a constitutional "deliberate indifference" claim may be fashioned. At most (and this Court of course expresses no substantive view on the matter) Jones might have advanced a garden variety medical malpractice claim, but <u>that</u> would be a state law matter not cognizable in the federal courts under Section 1983 (see, e.g., <u>Snipes v. DeTella</u>, 95 F.3d 586, 590-91 (7th Cir. 1996) and cases cited there).

Accordingly Jones' present claim is not only fatally flawed for more than one reason, but it is not capable of resuscitation by amendment either. Both Section 1915A(b)(1) and 42 U.S.C. §1997e(c)(1) call for dismissal of the Complaint and of this action. This dismissal constitutes a "strike" for purposes of

Section 1915(g), and it does not excuse Jones from payment of the $150 filing fee as referred to earlier in this opinion.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: April 13, 2000